**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

FRANK PARKER,

    Petitioner,                                         Case No. 08-CV-11648
v.                                                   HON. AVERN COHN

JERRI-ANN SHERRY,

    Respondent.
_____/

## MEMORANDUM AND ORDER
## GRANTING PETITIONER'S MOTION TO HOLD THE CASE IN ABEYANCE
## AND
## ADMINISTRATIVELY CLOSING THE CASE

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Petitioner Frank Parker (Petitioner) is a state inmate at the Straits Correctional Facility in Kincheloe, Michigan. Petitioner filed a *pro se* petition for a writ of habeas corpus challenging his convictions for first-degree murder and possession of a firearm in the commission of a felony. Petitioner has also filed a motion to hold the habeas petition in abeyance in order to permit him to complete post-conviction proceedings in the state courts. For the reasons stated below, the Court will hold the petition in abeyance and will stay the proceedings under the terms outlined below to permit petitioner to complete his post-conviction proceedings in the state courts to exhaust his claims. The Court will also administratively close the case.

### II. Background

Petitioner was convicted of the above offenses following a jury trial in the Wayne

County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Parker,* No. 245093 (Mich.Ct.App. September 21, 2004); *lv. den.* 472 Mich. 894 (2005).

On or about April 2, 2006, petitioner filed a post-conviction motion for relief from judgment with the trial court, which was denied on November 3, 2006. The Michigan Court of Appeals denied petitioner leave to appeal on February 5, 2008. *People v. Parker,* No. 281702 (Mich. Ct. App. February 5, 2008). Petitioner subsequently filed an application for leave to appeal with the Michigan Supreme Court, which remains pending in that court.

Petitioner has now filed a petition for writ of habeas corpus, in which he seeks habeas relief on the following eight grounds:

> I. Defendant was denied his due process right to a fair and impartial trial when the prosecutor appealed to the jurors' fears by interjecting appeals to civic duty during her closing and rebuttal arguments.
>
> II. Defendant was denied a fair and impartial trial when the trial court failed to grant the deliberating jury's request to review the testimony of the principal witnesses.
>
> III. Defendant Parker was denied due process of law when the prosecution failed to present sufficient evidence to convince a rational trier of fact of defendant's guilt beyond a reasonable doubt.
>
> IV. Defendant was denied due process of law and a fair trial, and his right to confrontation where the medical examiner was allowed to testify to autopsy results of which he did not perform the actual autopsy nor participate in any manner.
>
> V. Defendant was denied due process of law and a fair trial when other acts evidence was improperly introduced during his trial.
>
> VI. Defendant Parker was denied the effective assistance of counsel, when defense counsel failed to object to repeated instances of prosecutorial misconduct, interfered with defendant's right to testify, and failing to object to the admission of hearsay evidence denying defendant his right to confrontation.

VII. Defendant Parker was denied his constitutional right to a fair trial due to the cumulative effect of the prejudicial errors which occurred during the course of his trial.

VIII. Defendant Parker was deprived of the effective assistance of counsel on direct appeal, when appellate counsel failed, after reading the record, to raise issues that were both "obvious and significant" for no apparent strategic purpose.

### III. Discussion

Petitioner has asked this Court to hold the his petition in abeyance to permit him to complete post-conviction proceedings in the state courts, in which he is attempting to exhaust his third through eighth claims, which were not presented to the Michigan appellate courts as part of the direct review process.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *Picard v. Connor*, 404 U. S. 270, 275-78 (1971). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999).

In the present case, petitioner's third through eighth claims are unexhausted because they remain pending before the Michigan Supreme Court. Because petitioner's application for a writ of habeas corpus contains six unexhausted claims, the Court cannot now consider the merits of the issues presented. *See Boles v. Foltz,* 559 F. Supp. 1302, 1305 (E.D. Mich. 1983).

A federal district court, however, has discretion to stay a mixed habeas petition to

3

allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on his perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court. the unexhausted claims are not "plainly meritless," and the petitioner has not engaged in intentionally dilatory tactics. *Id.* at 277.

Here, Petitioner has shown the need for a stay. It appears that the majority of his habeas claims are unexhausted and that the one-year limitations period applicable to habeas actions could pose a problem if the Court were to dismiss the petition to allow for further exhaustion of state remedies. *See* 28 U.S.C. § 2244(d)(1).

Moreover, Petitioner says that these three claims were not presented in the state courts because his appellate attorney was ineffective. An appellate attorney's alleged ineffectiveness constituted "good cause" to justify holding a habeas petition in abeyance pending the petitioner's return to the state courts. *See Rhines v. Weber*, 408 F. Supp. 844, 848-49 (D.S.D. 2005) Furthermore, petitioner's claims do not appear plainly meritless. Finally, it does not appear that petitioner has engaged in "intentionally dilatory tactics."

Where, as here, a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines,* 544 U.S. at 1535. To ensure that petitioner does not delay in exhausting his state court remedies, the Court

4

imposes upon petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court within sixty days from the date of this order, which he has already done. Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F. 3d at 781 (internal quotation omitted).

### IV. Conclusion

Accordingly, petitioner's motion to hold the case in abeyance is GRANTED. Further proceedings in this case are held in abeyance pending the completion of petitioner's state application for post-conviction review. The case shall be stayed provided that: (1) petitioner completes the exhaustion of his post-conviction claims in the Michigan Supreme Court, and, (2) petitioner returns to this Court to request that the stay be lifted within sixty (60) days of exhausting state court remedies.

To avoid administrative difficulties, the Clerk of Court shall CLOSE this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

**SO ORDERED.**

Dated: April 22, 2008            s/Avern Cohn
                                 AVERN COHN
                                 UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Frank Parker, 315502, Straits Correctional Facility, 4387 W M-80, Kincheloe, MI 49785 on this date, April 22, 2008, by electronic and/or ordinary mail.

          s/Julie Owens
          Case Manager, (313) 234-5160